UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF MEDICAL CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE, LLC,<br><br>Defendant. | Case No. 22-mc-80077-HSG<br><br>**ORDER GRANTING AMENDED EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. SECTION 1782**<br><br>Re: Dkt. No. 6 |

Applicant Medical Corporation Takeuchi Dental Clinic ("the Clinic") has filed an amended ex parte application ("Amended Application") for an order pursuant to 28 U.S.C. § 1782 authorizing service of a subpoena for documents on Google LLC ("Google"). Dkt. No. 6. For the reasons stated below, the Court **GRANTS** the ex parte application.

**I.  BACKGROUND**

According to the application, someone using a Google account with the name "Nikki's" posted a negative, one-star review on the Google Maps review page associated with the Clinic. Dkt. No. 6 at 2-3.

The Clinic contends that the review is defamatory and that it intends to file a lawsuit for defamation in Japan against the Google account user. *Id.* at 3. It requests permission to serve a subpoena on Google for two categories of documents:

> 1. ALL DOCUMENTS identifying the users of the ACCOUNT from the date each Google Account was created to October 2021, including names, addresses (including postal codes), e-mail addresses (including email addresses used for recovery or other purposes), and telephone numbers.
>
> 2. ALL DOCUMENTS showing the access log for the ACCOUNT on October 13, 2021 (Japan Standard Time), including dates, times, and IP addressed, and access type.

Dkt. No. 6-2 at 6.

The Amended Application relies on the declaration of Yasuhiro Watanabe, an attorney licensed in Japan. Dkt. No. 6-1.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1782, a district court may order the production of documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246–47 (2004). The statute may be invoked where: (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." *Intel*, 542 U.S. at 246.

A district court is not required to grant an application that meets the statutory criteria, but instead retains discretion to determine what discovery, if any, should be permitted. *Id*. at 264. In exercising that discretion, the court considers several factors:

(1) whether "the person from whom discovery is sought is a participant in the foreign proceeding";

(2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance";

(3) whether the discovery request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and

(4) whether the discovery requested is "unduly intrusive or burdensome."

*Id.* at 264-65.

A district court's discretion is guided by the twin aims of § 1782: providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to U.S. courts. *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004). The party seeking discovery need not establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United

States law would allow discovery in an analogous domestic proceeding.  *See Intel*, 542 U.S. at 247, 261-63.

Applications brought pursuant to 28 U.S.C. § 1782 typically are considered on an ex parte basis, since "'parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.'" *IPCom GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic of Ecuador*, No. C10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)).  "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application ex parte." *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

Unless the district court orders otherwise, the discovery the court authorizes must be obtained in accordance with the Federal Rules of Civil Procedure.  28 U.S.C. § 1782(a); *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th Cir. 1994).

### III.   DISCUSSION

The Clinic previously filed an ex parte application seeking authorization of a subpoena on similar grounds.  In her Report and Recommendation, Magistrate Judge Virginia K. DeMarchi wrote a detailed analysis regarding the original application under the above legal standard.  *See generally* Dkt. No. 3.  The Court found her Report correct, well-reasoned, and thorough and adopted it in every respect.  Dkt. No. 5.  In adopting Judge DeMarchi's Recommendation, the Court denied the original ex parte application because it did "not provide sufficient justification for the scope of the discovery sought or explain how the Clinic intends to use the information to identify the person against whom it anticipates filing legal action."  Dkt. No. 3 at 7; Dkt. No. 5.

The Clinic's Amended Application presents a more tailored request than the one previously denied by the Court, and includes a more detailed justification for the scope of the discovery sought.  *See* Dkt. No. 6-7.  The Clinic's revisions to the requested subpoena and

application cure the legal defects identified in Judge DeMarchi's Report and Recommendation. As explained in that Report and Recommendation, with the defects cured, the Clinic's application meets the legal requirements for authorization of an order to produce documents under 28 U.S.C. § 1782.

## IV. CONCLUSION

The Court **GRANTS** the Clinic's ex parte application for an order pursuant to 28 U.S.C. § 1782 authorizing service of a subpoena for documents on Google. The Clinic may serve the subpoena attached as Exhibit A to the Clinic's proposed order on Google. *See* Dkt. No. 6-2 Ex. A.

**IT IS SO ORDERED.**

Dated: 10/4/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge